Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50036 - 1 | **DATE** | 11/5/2002 |
| **CASE TITLE** | United States vs. Sugerman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Clifford Sugerman's motion to strike and motion to file instanter

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for leave to file defendant's reply brief instanter is granted and defendant's motion to strike is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | NOV 05 2002 | 46 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 11-5-02 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| /LC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendants, Clifford A. and Barbara J. Sugerman, have been charged in an eighteen-count indictment with various instances of bank fraud, in violation of 18 U.S.C. §§ 1014, 1344. Before the court is Clifford Sugerman's motion to strike prejudicial surplusage under Federal Rule of Criminal Procedure 7(d).

At the outset, a few words about how Sugerman has presented his motion to strike. This motion, which was not accompanied by a supporting memorandum of law, was a mere one and a half pages long, asserted in the most vague and conclusory manner that paragraphs 1-15 of the indictment contained "prejudicial surplusage" and were nothing more than the "government's road map for what it believes the evidence will show at trial," and then summarily asked that "said surplusage" (whatever that meant) be stricken. In his reply brief, Sugerman candidly acknowledges he had (to put it mildly) "failed to delineate with specificity the exact language objected to" and then goes about identifying the particular language he believes should be stricken.[1] This will not do. Because Sugerman waited until his reply brief to explain the real basis for his motion, he has deprived the government of an opportunity to submit a meaningful response, instead leaving the government to divine what Sugerman was objecting to in his original and rather cryptic motion. It should be obvious that a party cannot file a generic and boilerplate motion, forcing the other side to guess what is meant by it, only to later submit a much more detailed explanation of the motion. The court is inclined to deny Sugerman's motion on this basis alone. Nevertheless, it has reviewed the substance of Sugerman's arguments and finds the indictment does not violate Rule 7.

It is within this court's discretion to strike surplusage from the indictment if it finds the disputed language to be immaterial, irrelevant, or prejudicial. See United States v. Marshall, 985 F.2d 901, 905 (7th Cir.), cert. denied, 508 U.S. 952 (1993). Motions to strike portions of the indictment should be granted "only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." United States v. Stoecker, 920 F. Supp. 876, 887 (N.D. Ill. 1996) (internal quotations and citations omitted).

Sugerman first objects to paragraph 4, which alleges that, as part of his scheme to defraud, he fraudulently obtained signatory authority over certain bank accounts of a private company by the name of Digitek by "falsely telling Digitek's majority shareholders that he was a retired bankruptcy attorney preparing to invest large sums of money in Digitek." Although Sugerman admits the allegations elsewhere in the indictment that he had signatory authority over the Digitek accounts are "wholly proper," he believes paragraph 4's explanation of *how* he obtained that signatory authority is not only irrelevant to proving the elements of bank fraud or check kiting, but would be prejudicial to him. In the court's opinion, however, paragraph 4 provides proper background information that would likely be admissible at trial. Because Sugerman was not, at least as far as the indictment reveals, an owner, director, officer, or other employee of Digitek who would normally have signatory authority over its accounts, the absence of paragraph 4 would leave the jury to wonder exactly how Sugerman obtained signatory authority over the accounts of a private company with which he seemingly had no connection. Such evidence also may be admissible as part of Sugerman's plan to defraud the banks.

The court also finds paragraphs 7(a), 7(b), 7(c), 7(f), and corresponding paragraphs 8(a), 8(b), 8(c), and 8(f), of the indictment to be relevant. These paragraphs set out particular false representations Sugerman allegedly made for the purpose of fraudulently obtaining certain bank loans, such as the fact that Sugerman had invested large sums of money in Digitek, he and his wife were majority shareholders of Digitek, he was receiving money from a large family trust, and his wife would sign all of the loan documents because he was terminally ill. Although these misrepresentations apparently were not specifically included in any loan documents submitted to the banks, they are certainly relevant in showing Sugerman falsely represented that he was worth more than he actually was and, as for the latter allegation, tried to perhaps deceptively play on the banks' sympathy. If nothing else, these alleged false statements are directly relevant in proving Sugerman's intent to defraud the banks.

The same is also true of paragraph 17, which alleges Sugerman diverted a portion of the funds obtained from the banks for his own personal use. While not strictly necessary to prove an element of bank fraud, such evidence once again is relevant to prove Sugerman's fraudulent intent — i.e., that he was misrepresenting to the banks that these loans were for legitimate business reasons rather than lining his own pockets.

Finally, Sugerman objects to certain "overinclusive language" in paragraphs 2, 7, and 15, in which the scheme to defraud is said to have lasted from "at least" September 1, 1998 through "at least" February 19, 1999 and describes Sugerman as having made, "among others," six enumerated false representations to the banks. He believes a jury might impermissibly infer from the quoted language that the scheme actually lasted longer than the dates listed and that Sugerman made additional misrepresentations other than those listed in the indictment. Although this is perhaps true in principle, and Sugerman cites some district courts that have stricken similar language from an indictment, see United States v. Poindexter, 725 F. Supp. 13, 35 (D.D.C. 1989); United States v. Brighton Bldg. & Maint. Co., 435 F. Supp. 222, 230-31 (N.D. Ill. 1977), it is equally true that as a practical matter Sugerman will not be prejudiced by this language because the government will introduce evidence of the actual dates and misrepresentations at trial. See United States v. Balogun, 971 F. Supp. 1215, 1234 (N.D. Ill. 1997). Moreover, it is this court's practice to instruct the jurors that they are not to consider the indictment as evidence and the court of course assumes the jury follows the court's instructions.

For the reasons stated above, Sugerman's motion to strike is denied.

---

[1] Because he filed his reply brief one day late, Sugerman has also filed a motion for leave to file that brief instanter. That motion is hereby granted.